IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS HENRIQUEZ-DISLA and MAGALAY PACHECO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE CO. | : | NO.  13-284 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                           August 7, 2014

      Allstate has sought reconsideration of this court's decision requiring it to produce partially unredacted claim logs to Plaintiffs in this bad faith/insurance fraud case.  For the reasons that follow, I will grant the motion for reconsideration with respect to specific log entries identified in this memorandum, grant the request to certify the issue for an interlocutory appeal with respect to the log entries that I have ordered unredacted, and will stay further proceedings pending the Third Circuit's consideration.

      The applicability and scope of the attorney-client privilege is at the heart of this discovery dispute.[1]  Although Defendant provided redacted copies of the logs relevant to Plaintiffs' insurance claims, Plaintiffs sought unredacted versions of the logs as well as policy and procedural manuals used in Allstate's decision-making process.  After reviewing the logs in camera, I ordered Allstate to produce partially unredacted versions of the logs, requiring production of those portions that reflected that counsel performed

---

[1] In the privilege logs, Defendant identifies certain entries as "Attorney Client Privilege or Work Product Doctrine."  However, throughout the response to the motion to compel and in seeking reconsideration, Allstate relies solely on the attorney client privilege.

the ordinary business of claims investigation and not as counsel.[2] I also ordered the production of the policy and procedural manuals governing Allstate's coverage decisions and the course of the investigation, subject to a confidentiality agreement.[3] Allstate has filed a motion for reconsideration to correct what it considers to be a manifest error of law and to protect privileged material from production.

I.      **LEGAL STANDARD**

Motions to reconsider may be brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(i). The purpose of a motion to reconsider is to correct manifest errors of law or fact, or to present newly discovered evidence. Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). A court should grant a motion to reconsider "only if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) there is an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 WL 564486, at *3 (E.D. Pa. Sept. 3,

---

[2] Throughout its motion for reconsideration, Allstate frames the question at issue as "whether the attorney-client privilege applies to legal services provided by a law firm to a client and also relates to subrogation issues." Doc. 34-2 at 11. If the log entries revealed that the attorney retained in this case was acting as legal counsel and not as a claims investigator, I would agree.

[3] Allstate's motion for reconsideration is dedicated to the log entries, focusing on the relationship between Allstate and its counsel. Despite this fact, it appears that Defendant has failed to comply with the remainder of my May 29 ruling, requiring the production of the portions of claims manuals and policies which informed Allstate's coverage decision and the course of the investigation. See Docs. 36 & 38. In Allstate's most recent filing, Doc. 41, it explains that it is working to obtain the manuals ordered produced in my earlier ruling. Although I entered an order staying discovery on July 30, 2014, see Doc. 44, I direct that the manuals be produced without respect to the stay, in light of my earlier ruling.

1998), aff'd, 242 F.3d 370 (3d Cir. 2000).  Moreover, "[b]ecause federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).  A motion to reconsider may not raise new arguments that could have (or should have) been made in the context of the original motion.  See Helfrich v. Lehigh Valley Hosp., No. 03-5793, 2005 WL 1715689 at *3 (E.D. Pa. July 21, 2005) (citing Balogun v. Alden Park Mgmt. Corp., No. 98-0612, 1998 WL 692956 at *1 (E.D. Pa. Oct. 1, 1998)).

## II.     DISCUSSION

Initially, it bears noting that Defendant does not appear to have examined the specific entries affected by my prior order.  Rather, both now and in its initial redactions, Defendant appears to have taken an all-or-nothing approach to its redactions.  Review of the logs in their entirety reveals that any entry mentioning counsel has been redacted without regard to the content of the entry.  For example, Defendant redacted the entries stating that they hired Curtin and Heefner.  See February 6, 2012 at 12:07 p.m., and 12:20 p.m. (Fire Claim Bates 29).  Such information is clearly not privileged and this information was disclosed in counsel's discussions with Plaintiffs and in Defendant's own motion.  The result of Allstate's redactions is that Defendant slashed with a sword that which should have been excised with a pen knife.

Additionally, Defendant has not drawn any distinction with respect to the different bases for ordering the unredactions.  For example, the original redactions on the two claim files contained an inconsistency with respect to two nearly identical entries, and I

concluded that Defendant's failure to claim privilege as to one claim file required unredaction for the entry in the other claim file.  See Doc. 31 at 7 n.3.  Defendant fails to address this or any other specific unredaction.  Defendant's failure to analyze the specific entries at issue undermines its claim of privilege – wherein it has the burden to show that each entry meets the elements of the attorney-client privilege.

      A.      Nature of the Work Performed

In my earlier opinion, I relied on a decision from the district court in Minnesota discussing the attorney-client privilege which drew a distinction between legal work done by attorneys and claims investigation performed by attorneys.  See Mission Nat'l Ins. Co. v. Lilly, 112 F.R.D. 160 (D. Minn. 1986) (privilege not applicable to fact investigation performed by attorney on behalf of carrier).  The former was covered by the attorney-client privilege, while the latter was not.  Although I have not found any case in Pennsylvania drawing this distinction, the district court in New Jersey has done the same. See Cellco P'ship v. Certain Underwriters at Lloyd's London, No. 05-3158, 2006 WL 1320067, at *4 (D.N.J. May 12, 2006) (review of the documents revealed counsel provided legal advice not claims investigation).

Recognizing that Pennsylvania courts would likely draw the same distinction, Allstate argues that it never hired Curtin and Heefner for anything other than legal services.  Counsel has attached an affidavit from Holly Kelly, a claims adjuster assigned to Plaintiffs' claims, in which Ms. Kelly states that Allstate retained Curtin and Heefner "to render legal services including the taking of Plaintiffs' Examinations Under Oath ["EUO"] to ultimately render legal/coverage opinions," and also states that "[a]t no time,

did Defendant retain Curtin & Heefner LLP as a 'Claims Investigator' or to perform any non-legal claim related functions." Doc. 35-1 ¶¶ 4-5.[4]  However, the log entries belie the affidavit.[5]  Without disclosing their contents, review of the redacted log entries reveals that they contain direction to conduct routine investigation, whether to be done by counsel or by a claims representative, see e.g., February 8, 2012, at 5:41 p.m. (Fire Claim Bates 200);[6] contain notations on the efforts to schedule the EUO's, see e.g., March 7, 2012 at 12:52 p.m. (Fire Claim Bates 192); March 20, 2012 at 1:27 p.m. and 3:54 p.m. (Fire Claim Bates 191), April 5, 2012 at 8:14 a.m. (Fire Claim Bates 189), and memorialize efforts to pursue subrogation and direction to counsel to retain a cause and origin specialist to determine the cause of the fire.  See e.g., February 3, 2012 at 9:08 a.m.

---

[4] Although Allstate argued in response to Plaintiffs' motion to compel that Curtin and Heefner had been retained in a legal capacity with no involvement in claims investigation, see Doc. 29 ¶ 20, Allstate did not include the affidavit in its original response; instead attaching it to the motion for reconsideration in the first instance.  No affidavit has been submitted with respect to communications with attorneys of White and Williams, who were hired to pursue subrogation.

[5] In Allstate's motion for reconsideration, they focus on this court's notation that counsel was hired early in the claims process.  Although the timing of counsel's entry onto the claims scene was one factor I considered in determining whether counsel was providing legal advice or acting as a claims investigator (counsel retained to conduct EUO on February 6, 2012, and denial letter prepared October 15, 2012), the log entries were the primary reason I determined that counsel's activities were related to claims investigation.

[6] This entry poses a problem.  This entry contains the notes made by a claims manager to a claims representative.  To the extent it contains a directive to counsel to obtain specific information during the EUO, that directive may be subject to the attorney-client privilege.  The remainder of the entry involves direction regarding other avenues of investigation.  It appears that this additional investigation is directed to the claims representative and the claims manager is requesting basic investigation be done.  Therefore, I will vacate the prior order unredacting the first line of this entry to the comma.  See February 8, 2012 at 5:41 p.m. (Fire Claim Bates 199- 200).

(Fire Claim Bates 30); January 25, 2012 at 3:06 p.m. (Fire Claim Bates 39).[7] As explained in my earlier opinion, such activities (investigating subrogation possibilities, determining the cause of the fire, gathering background information on the claimants, and arranging for EUO's) are ordinary business functions in claims investigation. The fact that they were performed by an attorney at the behest of a claims adjuster does not change the character of the activity – basic claims investigation.[8]

In support of its argument that all of the redacted information is protected by the attorney-client privilege, Allstate relies on a 1996 opinion from the Honorable R. Stanton Wettick, Jr., of the Court of Common Pleas of Allegheny County. See Doc. 34-2 at 1 (quoting Mueller v. Nationwide Mut. Ins. Co., 31 Pa. D. & C.4th 23, 41-42 (Allegheny Com. Pl. 1996)). In the excerpt of the opinion quoted by Allstate, Judge Wettick extolls the benefits of insurance companies hiring counsel in the decision-making process and cautions that open and honest exchanges between company and counsel are less likely if such communications are discoverable. See Mueller, 31 Pa. D. & C.4th at 41-42. What Allstate fails to acknowledge is that earlier in the opinion Judge Wettick noted that the privilege applies only when, in connection with the communication in question, the

---

[7]Despite the fact that Allstate considers direction to counsel to hire a cause and origin specialist to be privileged, the cause and origin specialist's conclusions were not redacted. See February 28, 2012 at 1:25 p.m. (Fire Claim Bates 194) (reciting cause and origin specialist's conclusions).

[8]Similarly, to the extent Allstate attempts to distinguish the cases upon which I relied by arguing that the lawyers in those cases were retained to conduct investigation, I reject the argument. I will not be guided by the label attached by Defendant. Rather, I am guided by the character of the work -- sustaining the redaction of entries relating to legal work, while ordering the disclosure of the entries related to basic claims investigation.

lawyer is acting as a lawyer.  Id. at 31.  "The *sine qua non* of any claim of privilege is that the information sought to be shielded is legal advice."  United States v. Rockwell Intern., 897 F.2d 1255, 1264 (3d Cir. 1990).

Guided by Judge Wettick's reasoning encouraging open and honest exchanges between counsel and the insurance company, I have again reviewed the log entries that I previously ordered unredacted and will grant Defendant's motion for reconsideration with respect to eight of them.  I believe an argument can be made that Allstate and counsel were participating in the type of information exchange Judge Wettick discussed with respect to these eight entries.  Each entry pertains to an actual or contemplated communication with counsel and can be read to touch on strategy or thought process, rather than solely directing an item of basic claims investigation.  Therefore, I vacate my prior decision with respect to the following log entries:

January 26, 2012 at 12:06 p.m. (Fire Claim Bates 37),

Email dated February 10, 2012 at 10:26 a.m. (Fire Claim Bates 48),

May 2, 2012 at 9:03 a.m. (Fire Claim Bates 187),

March 19, 2012 at 9:55 a.m. (Fire Claim Bates 191),

February 10, 2012 at 12:41 p.m. (Fire Claim Bates 198),

February 8, 2012 at 5:41 p.m. (Fire Claim Bates 200) (In the fifth paragraph of the entry, the first line to the comma in the second line remains redacted.  The remainder of that paragraph should be unredacted.),

March 12, 2012 at 1:23 p.m. (Theft Claim Bates 63), and

May 2, 2012 at 9:02 a.m. (Theft Claim Bates 65).

The redacted portions of these log entries shall remain redacted unless specified otherwise.

      B.      Waiver of Privilege

In the response to the motion for reconsideration, Plaintiffs argue that Defendant has waived the privilege by placing the advice of counsel at issue. Doc. 39. In defending Plaintiffs' bad faith claim, Allstate pled as a defense that "Allstate's alleged withholding of any benefits at issue was made in good faith and was reasonable." Doc. 17 ¶ 62. Because the decision-maker identified by Allstate (Ms. Kelly) has stated in her affidavit that counsel was hired to render legal and coverage decisions, see Doc. 35-1, Plaintiffs argue that Allstate placed counsel's advice in issue and cannot now shield that advice by the attorney-client privilege. Doc. 39 at 2-3. Allstate argues that it has not waived the privilege and has not placed the advice of counsel at issue in the case. Doc. 34-2 at 4.

A party to a lawsuit may waive the attorney-client privilege by asserting claims or defenses that put the attorney's advice in issue in the litigation. Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994).

> However, advice is not placed in issue merely because it is relevant. . . . A waiver can be found only where a client has made the decision and taken an affirmative step in the litigation to place the advice of attorney in issue. . . . This occurs where the client attempts to prove a claim or defense by disclosing or describing an attorney client communication.
> . . . .

Saltern v. Nor-Car Fed. Credit Union, Civ. No. 02-7175, 2003 WL 21250578, at *1 (E.D. Pa. Apr. 17, 2003) (citing Rhone-Poulenc, 32 F.3d at 863). Rhone-Poulenc teaches that the advice of counsel "does not necessarily become in issue merely because the

8

attorney's advice might affect the client's state of mind in a relevant manner." 32 F.3d at 863.  Only when the client "asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication," does the client waive the attorney-client privilege.  Id.

In Saltern, the Honorable Jacob Hart of this court found that the defendant's production of a document referring to the company's president having consulted with an attorney was insufficient to waive the attorney-client privilege.  Similarly in Fidelity and Deposit Co. v. McCulloch, 168 F.R.D. 516 (E.D. Pa. 1996), upon which Judge Hart relied, the Honorable J. Curtis Joyner found that the plaintiff had not waived the privilege even when documents produced in discovery established that the plaintiff's "state of mind (to the extent that a corporation can have one) was affected in a relevant manner by the advice of its outside counsel."  Relying on Rhone-Poulenc, Judge Joyner concluded "this simply does not amount to a waiver."  Id. at 519.

In this case, Plaintiff pieces together two allegations to tailor the waiver of privilege.  First, answering the allegations of bad faith in the complaint, Allstate stated that it had acted in good faith.  See Doc. 17 ¶ 62.  Second, in Ms. Kelly's affidavit regarding the attorney-client privilege, she stated that Allstate retained counsel to render legal services including coverage opinions.  Doc. 35-1 ¶ 4.  At no point has Allstate asserted the advice of counsel as a defense.  Although Ms. Kelly's affidavit suggests that counsel may have affected Allstate's state of mind, as Judge Joyner so aptly put it, "this simply does not amount to a waiver" of the privilege.  McCulloch, 168 F.R.D. at 519.  Therefore, I reject Plaintiffs' theory of wholesale waiver.

9

C. <u>Certification for Interlocutory Appeal</u>

Finally, Defendant asks this court to certify the memorandum and order for interlocutory appeal. Doc. 34-2 at 9. Section 1292(b) of Title 28 of the United States Code provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The statute requires that three elements be present to grant the certification for interlocutory appeal: (1) the order at issue involves a controlling issue of law; (2) substantial ground for difference of opinion exists regarding the resolution of the issue; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. <u>Katz v. Carte Blanche Corp.</u> 496 F.2d 747, 754-55 (3d Cir. 1974). The burden is on the party seeking certification to establish that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment." <u>Hall v. Wyeth, Inc.</u>, No. 10-738, 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010) (quoting <u>L.R. v. Manheim Twp. Sch. Dist.</u>, 540 F. Supp.2d 603, 608 (E.D. Pa. 2008)).

A controlling issue of law is one in which either, if decided erroneously, would lead to reversal on appeal, or is "serious to the conduct of the litigation either practically or legally." <u>Hall</u>, 2010 WL 4925258, at *1 (quoting <u>Katz</u>, 496 F.2d at 755). Here, at the discovery phase, disclosure of allegedly privileged information is serious to the conduct

of the litigation.  If the case proceeded in the ordinary course and post-trial Allstate succeeded in challenging this court's pretrial ruling, a second trial could be required and privileged information would have been improperly revealed.  Saving judicial time and the resources of the litigants have been recognized as relevant factors in the analysis.  Id.

"Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard."  Hall, 2010 WL 4925258, at *1 (quoting Bradburn Parent Teacher Store, Inc. v. 3M, Civ. No. 02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005)).  Although I am of the opinion, like the courts in Mission National and Cellco, that log entries regarding basic claims investigation performed by counsel are not protected, I have found no Pennsylvania case drawing this distinction and Judge Wettick's opinion did not specifically address this issue, other than to acknowledge the basic tenet that, for the communication to be protected, the attorney must be acting as a lawyer.  Mueller, 31 Pa. D. & C.4th at 31.  Under the circumstances, direction from the Court of Appeals is appropriate.

Although the Supreme Court has concluded that postjudgment appeals "generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege," the Court has noted that interlocutory appeal pursuant to section 1292(b) is available for "a particularly injurious or novel privilege ruling."  Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 109-10 (2009).  Considering the dearth of caselaw regarding the applicability of the attorney-client privilege to basic claims investigatory work and the lack of a suitable definition for that work, I believe this case presents a novel privilege ruling in this district and circuit, qualifying for interlocutory appeal.

Finally, the court must consider whether an interlocutory appeal would materially advance the termination of this litigation. Although the need for a trial will not be affected by an interlocutory appeal, the course of discovery and the ensuing trial would be affected. Once this issue is resolved, discovery will likely proceed more expeditiously. Although I recognize the hazard of permitting piecemeal litigation, considering the early stage at which the case is, I will grant certification as all three factors have been met. I will also grant Allstate's request for a stay of proceedings pending the appeal, with the exception of Allstate's production of manuals previously ordered. The issue certified for interlocutory appeal impacts the discovery in the matter and it would be counterproductive to proceed without resolution of this underlying issue.

An appropriate order follows.