IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS HENRIQUEZ-DISLA and MAGALAY PACHECO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE CO. | : | NO. 13-284 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                    October 1, 2014

I previously ordered Allstate to produce "portions of claims manuals and policies which informed [Allstate's] employees' decisions to deny claims similar to Plaintiffs', obtain EUO's [examinations under oath], and hire counsel to investigate claims (in the context of preparation for EUO's)." See Doc. 32.  Allstate produced four pages responsive to my order.  Then, on September 16, 2014, after considering Plaintiffs' Motion for Sanctions (Doc. 47), and the response, thereto, I ordered Allstate to produce for in camera review the material it had reviewed in locating responsive documents to my prior order.  On September 24, 2014, Allstate produced eight volumes (manuals) for the court's review.

After reviewing all of the produced documents, I have found nothing which offered any training or guidance on the decisions to obtain EUO's or hire counsel to investigate claims or conduct EUO's.[1]  That leaves the focus on documents which

---

[1] Allstate produced two pages (Manual 5, pages 28 and 29) which dealt with the selection of retained counsel and the assignment of defense counsel.  However, neither

informed Allstate's denial of claims such as Plaintiffs'. In determining what documents fall into this category, I am guided by the pleadings. In its answer to the amended complaint and in its counterclaim, Allstate alleged generally that Plaintiff did not suffer covered losses, and specifically that Plaintiffs made material misrepresentations during the investigation of the theft and fire claims and "engaged in a pattern of presenting false, incomplete and/or misleading information in insurance claims." Doc. 17 ¶¶ 39, 74-82. Thus, information regarding Allstate's training or policies as to material misrepresentations or fraud fall within the purview of my order.

Allstate produced a page entitled "General Provisions and Conditions Job Aid Summary." Included in the investigative steps included on that page is, "Determine if any condition exists that would indicate potential material misrepresentation or fraud." Manual 5 at 229. This same page is repeated numerous times in various manuals that were produced. See e.g., Manual 3 at 8, 59; Manual 4 at 255. The "General Provisions and Conditions Job Aid Summary" generally appears in sections of these manuals entitled "Coverage Analysis." The section is clearly a training tool which contains hypothetical situations and the student is to perform the coverage analysis using the job aid summary. This training, with respect to material misrepresentations, qualifies as a policy or manual which informed Allstate's decision to deny coverage for a material misrepresentation. Thus, to the extent this section addresses material misrepresentations and fraud, whether existent in the hypothetical or not, the information should be

---

page directly addressed when to hire counsel, but instead offered guidance on which counsel to hire once the decision to do so had been made.

produced. Accordingly, Defendant shall produce Manual 4, pages 289-96, 300 (limited to #8), 302, 309 (limited to #1 in the Concealment or Fraud Review), 322-23, 326 (limited to the last question and answer), 332, 336 (limited to the first block), 341 (limited to the hypothetical), 345 (limited to last block), 351-52, and 356 (limited to the second block).[2]

If Allstate's denial of the claims rests solely on alleged material misrepresentations, limited to the type listed in paragraph 74 of Allstate's counterclaim, the production from the documents produced in camera would end there. However, the final page of Allstate's production from the manuals is a "Fire Investigation Job Aid," and describes burn patterns. Production of this page raises the specter of arson. It is unclear whether Allstate's assertions of material misrepresentations stretch as far as a suspicion of arson and whether that suspicion informed Allstate's decision to deny Plaintiffs' claims. If so, there is additional material focusing on the cause and origin of fires and the procedure to be followed in the investigation which is contained in the material the court reviewed that should be produced. Rather than culling the manuals for all information relevant to a cause and origin investigation, I propose Allstate address this issue first. Therefore, Allstate shall advise the court within ten days of the date of this

---

[2]Like the "General Provisions and Conditions Job Aid Summary," the hypotheticals which appear in the "Coverage Analysis" portion of Manual 4 are repeated several times in different manuals. However, when this section appears in other manuals, the questions are left unanswered. For example, Manual 3 contains "Coverage Analysis Student Guide," while Manual 4's section is entitled, "Coverage Analysis Facilitator Manual," which contains an "answer key," with some basic discussion. Defendants need not produce the multiple copies of this hypothetical drill which appear in the manuals produced to the court. Production of the excerpts noted above will suffice.

decision whether it will rely on a suspicion of arson as a basis to deny Plaintiffs' claims or assert its counterclaims, understanding that if it does not identify suspected arson as a basis it will be thereafter precluded from asserting suspected arson.  If Allstate identifies suspected arson, the court will revisit the production in camera and order disclosure of additional portions of manuals.

The court will defer ruling on the monetary portion of Plaintiffs' motion for sanctions pending final review of the material once Allstate advises the court of its intentions regarding arson.

Recognizing the sensitivity of the information reviewed by the court, as noted in the original decision requiring disclosure of relevant manuals and policies, see Doc. (citing Platt v. Fireman's Fund Ins. Co., Civ. No. 11-4067, 2011 WL 5598359, at *3 (E.D. Pa. Nov. 16, 2011), I will again order that Plaintiffs and their counsel maintain the confidentiality of these disclosures.

An appropriate Order follows.