IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS HENRIQUEZ-DISLA and MAGALAY PACHECO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | : | NO. 13-284 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                             March 16, 2015

After ruling on cross-motions for summary judgment in this insurance coverage/insurance fraud case, I directed counsel to provide briefing on the appropriate standards of proof applicable to Allstate's material misrepresentation defense and Allstate's counterclaim for statutory fraud.  See Doc. 81.  Defendant has provided the required briefing and Plaintiffs have filed a Motion for Reargument, incorporating the required briefing in their motion.  See Docs. 84 & 85.  In this memorandum, addressing the applicable burdens of proof, I find that Allstate's affirmative defense is governed by a preponderance of the evidence standard and its insurance fraud counterclaim is governed by the clear and convincing evidentiary standard.  In a separate memorandum, I will address Plaintiffs' Motion for Reargument.

I.     **BURDEN OF PROOF**

As explained in the Memorandum addressing the cross-motions for summary judgment, Pennsylvania law clearly applies the preponderance of the evidence standard to Plaintiffs' claim for a breach of contract.  Pennsylvania law also clearly applies the

higher clear and convincing standard to claims of common law fraud, see Doc. 82 at 25 (citing Royal Indem. Co. v. Deli By Foodarama,Inc., Civ. No. 97-1267, 1999 WL 178543, at *7 (E.D. Pa. Mar. 31, 1999)), and when the insurance company seeks to void an insurance policy ab initio based on material misrepresentations in the application.  See id. at 25 (citing Bonsu v. Jackson Nat. Life Ins. Co., Civ. No. 05-2444, 2010 WL 55714, at *4 (M.D. Pa. Jan. 4, 2010); Tudor Ins. Co. v. Twp. of Stowe, 697 A.2d 1010, 1015 (Pa. Super. 1997)).  What was unclear after the summary judgment briefing was the standard applicable to Allstate's material misrepresentation defense and its statutory counterclaim of insurance fraud under 18 Pa. C.S.A. § 4117.

     A.     **Material Misrepresentation Defense**

Relying on policy language, Allstate denied Plaintiffs' claims for a theft loss and a fire loss which both occurred in January 2012 at 2022 Stanwood Street.

> We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.

Doc. 72-5 at 3.  Allstate then set forth a litany of material misrepresentations allegedly made by Plaintiffs, including statements regarding ownership of and residency in the house, Plaintiffs' whereabouts at the time of the losses, how Plaintiffs were notified of the losses, and damage or losses as a result of the theft.  Id. at 2.

In response to Allstate's summary judgment motion on Plaintiff's claim for failure to provide coverage for the losses, Plaintiffs argued that Allstate must establish its defense of material misrepresentations by clear and convincing evidence.  See Doc. 76 at 4-5.  For purposes of the summary judgment motion, I found no need to determine which

of the two burdens applied as issues of material fact barred summary judgment. However, before proceeding to trial, the court must decide the applicable burden of proof.

In the additional briefing, Plaintiff continues to maintain that Allstate has to prove material misrepresentations by clear and convincing evidence, and Allstate maintains that the proper standard is a preponderance. Specifically, Plaintiff argues that "[t]here is no distinction to be drawn between fraud in an insurance application (such as in Tudor [Ins. Co. v. Twp. of Stowe, 697 A.2d 1010, 1015 (Pa. Super. 1997)]) and fraud in a claim for insurance benefits (as in the case instantly)." Doc. 85 at 7.[1]

The problem with Plaintiffs' argument is that the courts, both federal and state, have drawn such a distinction. In Tudor, an insurer brought suit to declare a policy void based on material misrepresentations in the insurance application, and the Superior Court of Pennsylvania found that the insurance carrier had to prove such fraud by clear and convincing evidence. 697 A.2d 1010, 1016. The court compared the elements of common law fraud with fraud in an insurance application and concluded "we cannot agree that fraud in an insurance application is so intrinsically different from common law fraud that it warrants a lesser burden of proof: fraud is fraud." Id. at 1015. Plaintiff equates an insurance company's attempt to void a policy ab initio for fraud with the denial of coverage based on material misrepresentations made in the submission of the claim. However, both the federal and state courts require proof of the latter by a preponderance of the evidence.

---

[1] Plaintiffs have not taken care to distinguish between the material misrepresentation defense and the insurance fraud counterclaim in discussing burden of proof, and I understand them to make essentially the same argument as to both.

In Ruttenberg v. Fire Ass'n of Philadelphia, the Superior Court concluded that an insurance company must prove the affirmative defense that the fire was caused directly or indirectly by the insured by a preponderance of the evidence. 186 A. 194, 195 (Pa. Super. 1936). Likewise, in Greenburg v. Aetna Ins. Co., 235 A.2d 582 (Pa. 1967), a case in which an insured sought insurance proceeds for a fire loss in his pharmacy, the insured was suspected of setting the fire that destroyed the pharmacy. The Supreme Court of Pennsylvania found that the trial court erred in instructing the jury that the insurance company had to prove that the plaintiff had presented a false claim by "evidence that is clear, precise and indubitable" to avoid liability on the policy. Id. at 583. The court concluded that "the verdict should follow the preponderance of the evidence" standard.

> In a civil issue the life or liberty of the person whose act is sought to be proved, is not involved. Proof of the act is only pertinent because it is to sustain or defeat a claim for damages, or respecting the right of things. . . . The act affirmed is an incident, -a fact, -to be proved like other pertinent facts.

Id.[2]

More recently, relying on Greenburg, a Philadelphia trial court concluded that an "insurer need only prove by a preponderance of the evidence that the insured made a fraudulent claim of loss under an insurance contract." TJS Brokerage & Co., Inc. v. Hartford Cas. Ins. Co., No. 2755 Dec. Term 1999, 2000 WL 33711084, at *2 (Phila. C.C.P. July 21, 2000). The Commonwealth Court similarly upheld application of the

---

[2]In their brief, Plaintiffs argue that "Greenburg is inapposite because it involved an affirmative defense to an insurance claim, not a claim for damages for insurance fraud." At this point, I am discussing only the material misrepresentation defense to the insurance claim. Thus, Greenburg is on point.

preponderance of the evidence standard when homeowners were alleged to have inflated the number of and value of items destroyed in a fire. "The trial court properly relied on Greenburg to conclude Insurer had to show by a preponderance of the evidence that Owners submitted fraudulent loss claim." Ciavarella v. Erie Ins. Exchange, No. 37 C.D. 2009, 2010 WL 9517596, at *5 (Pa. Commw. Ct. Apr. 28, 2010).

In Ratay v. Lincoln Nat. Life Ins. Co., 405 F.2d 286 (3d Cir. 1968), the Third Circuit discussed the differing burdens of proof and distinguished between a fraudulent claim under the insurance policy and fraud in making the contract. The insurance company sought to void a policy based on fraud in the application, and the Third Circuit concluded that the district court had erred in its instruction that the insurance company prove such fraud by a fair preponderance of the evidence. Id. at 287. Relevant for our purposes, the Third Circuit explained that "Greenburg specifically recognized the distinction between fraud in the making of a contract and a fraudulent claim of loss under the contract." Id. at 289. Proof of the former required clear and convincing evidence, whereas "a defense of fraud on an insurance claim . . . [is] not increased beyond proof by a preponderance of the evidence." Id.

Based on a review of the caselaw, I conclude that, with respect to Allstate's affirmative defense that Plaintiffs made material misrepresentations in presenting their claims, Allstate must prove the defense by a preponderance of the evidence.[3]

---

[3]To the extent Plaintiffs ask the court to apply Tudor and Wezorek v. Allstate Ins. Co., Civ. No. 06-1031, 2007 WL 2264096 (E.D. Pa. Aug. 7, 2007), see Doc. 85 at 6, I note that the insurers in both alleged fraud in the application and sought to void the policy. Thus, neither addresses the affirmative defense of misrepresentation in

B.  **Insurance Fraud**

I also asked counsel to provide further briefing on the evidentiary standard applicable to Allstate's counterclaim for insurance fraud under section 4117, because the statute is silent as to the burden of proof and courts have used both the preponderance and clear and convincing standards.  Again, Plaintiffs argue for clear and convincing evidence, and Defendant argues for a preponderance standard.  For the reasons that follow, I conclude that Allstate must prove its counterclaim by clear and convincing evidence.

As mentioned, the statute is silent as to the burden of proof applicable to statutory insurance fraud.  See 18 Pa. C.S.A. § 4117 (a)(2) (person commits offense if he "[k]nowingly and with intent to defraud . . . presents . . . to any insurer . . . a claim that contains any false, incomplete or misleading information").[4]  The courts have offered little discussion on the topic, adopting the standard agreed upon by the parties and rejecting after-the-fact challenges based on the burden.  See Wezorek, 2007 WL 2264096, at *14 (applying clear and convincing standard without discussion); Am. Rehab, 330 F. Supp.2d at 509 (same).

---

submitting a claim.  Similarly, for purposes of determining the burden of proof applicable to the affirmative defense, Plaintiffs' reliance on Valenti v. Allstate Ins. Co., 243 F. Supp.2d 221 (M.D. Pa. 2003), and Allstate Ins. Co. v. Am. Rehab & Physical Therapy, Inc. 330 F. Supp.2d 506, 509 (E.D. Pa. 2004), is misplaced.  Both discussed the burden of proof applicable to the insurance company's counterclaim for insurance fraud under section 4117, which I will discuss in the next section.

[4]While located in Pennsylvania's Criminal Code, section 4117(g) allows "an insurer damaged as a result of a violation . . . [to] sue . . . to recover compensatory damages."

My research identifies two cases directly on point that discuss the evidentiary burden, but they come to differing conclusions. Compare Majestic Box Co., Inc. v. Reliance Ins. Co., Civ. No. 96-8118, 1998 WL 720463 (E.D. Pa. Sept. 2, 1998) (applying preponderance standard) with Valenti, 243 F. Supp.2d at 230 (applying clear and convincing standard). In Majestic Box, the parties had agreed that the insurance fraud counterclaim would be decided by the court after the jury's verdict on the insurance coverage claim. 1998 WL 720463, at *1. After the jury returned a verdict in the insurer's favor, the insureds argued for the first time that the insurer had to prove insurance fraud by clear and convincing evidence, unlike the preponderance standard that governed the jury's deliberations on the coverage claim. As noted in the previous section, the Pennsylvania Superior Court had held in Tudor that a claim of fraud in an insurance application was subject to proof by clear and convincing evidence, similar to a claim of common-law fraud. 697 A.2d at 1015-16. In applying the preponderance of the evidence standard in Majestic Box, the Honorable M. Faith Angell rejected the Tudor court's analysis expanding application of the clear and convincing standard beyond common law fraud. 1998 WL 720463, at *2-3. It appears that this conclusion was driven primarily by the state legislature's silence.

> In contrast to the Tudor court's explanation that the "clear and convincing evidence" standard would apply to a case which did not involve common law fraud, I will not apply the higher standard in the instant case where the Pennsylvania Legislature has not explicitly imposed such a standard.

Id. at *3.

7

Judge Angell went on to explain that the clear and convincing standard used in Tudor "affords protection to the applicant who negligently answers a question erroneously without deliberate intent" and that such protection was not necessary in her case because the jury had found that the insured had intentionally set or had someone intentionally set fire to his building. Majestic Box, 1998 WL 720463, at *3. In our case, Allstate has conceded that it is not pursuing an arson defense, and its claim centers on Plaintiffs' representations during the claims process. Thus, the present case is closer to the Tudor facts.

In Valenti, with respect to the insurance fraud counterclaim, the trial court instructed the jury on a clear and convincing standard. In responding to the plaintiffs' motion for judgment as a matter of law after a jury verdict in favor of the insurer on Plaintiff's breach of contract claim and the insurer's insurance fraud counterclaim, the insurer argued for the first time that the insurance fraud counterclaim must be proven by only a preponderance of the evidence. The Honorable Malachy Mannion rejected that argument, relying on the line of Pennsylvania cases noting that insurance fraud must be proven by clear and convincing evidence. 243 F. Supp.2d at 230 (citing Rohm and Haas Co v. Cont'l Cas. Co., 732 A.2d 1236, 1251 (Pa. Super. 1999); Tudor, 697 A.2d 1010).

Here, I am persuaded by the logic of Tudor. The relevant portion of section 4117 states:

> A person commits an offense if the person . . . [k]nowingly and with the intent to defraud any insurer . . . presents or causes to be presented to any insurer . . . any statement forming a part of, or in support of, a claim that contains any

8

>   false, incomplete or misleading information concerning any
>   fact or thing material to the claim.

18 Pa. C.S.A. § 4117(a)(2). This language speaks in terms of an intent to defraud, and the elements of the statute mimic those of common law fraud as outlined in <u>Tudor</u>. As the court in <u>Tudor</u> stated, "fraud is fraud." 697 A.2d at 1015. I do not see a basis in the Pennsylvania caselaw to distinguish between the insurer's burden of proof in the fraud claim in <u>Tudor</u> -- where the insurer sought to void a policy based on material misrepresentations on the application -- and the fraud claim here -- where the insurer seeks damages for material misrepresentations in an insurance claim. Therefore, I conclude that Allstate's Insurance Fraud counterclaim is governed by the clear and convincing evidence standard.

   An appropriate Order follows.