IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS HENRIQUEZ-DISLA and : CIVIL ACTION
MAGALAY PACHECO
                                   :
         v.                      :
                                   :
ALLSTATE PROPERTY & : NO. 13-284
CASUALTY INSURANCE
COMPANY

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                         March 19, 2015

      Plaintiffs have filed a Motion for Reconsideration of my decision denying their summary judgment motion on Allstate's insurance fraud counterclaim.[1] As discussed more fully in my memorandum dated February 10, 2015, Allstate has filed a counterclaim for insurance fraud under 18 Pa. C.S.A. § 4117(a)(2) in this insurance coverage case. In the summary judgment briefing, the parties presented the court with differing burdens of proof -- Plaintiffs arguing that insurance fraud must be proven by clear and convincing evidence, and Allstate arguing that it must prove insurance fraud by only a preponderance of the evidence. I denied summary judgment, finding that issues of material fact barred summary judgment under either standard, and asked the parties for further briefing on the evidentiary standards in preparation for trial. In providing the additional briefing, Plaintiffs asked for reconsideration of my earlier summary judgment ruling, arguing that Allstate has not proven the elements of insurance fraud by clear and

---

[1] The motion is entitled "Motion for Reargument," but clearly seeks reconsideration of my decision denying Plaintiffs' summary judgment on Allstate's counterclaim.

convincing evidence.  After reviewing the burden of proof submissions by both sides and analyzing the relevant caselaw, I concluded by separate memorandum that Allstate must prove insurance fraud by clear and convincing evidence.  See Doc. 112.  However, I find no reason to reconsider my prior decision concluding that issues of material fact preclude summary judgment.

I.      **Legal Standard**

Motions for reconsideration may be brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(i).  The purpose of a motion to reconsider is to correct manifest errors of law or fact, or to present newly discovered evidence.  Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Generally, motions for reconsideration must rely on one of three grounds:  "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  Moreover, "[b]ecause federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).  Additionally, a motion to reconsider may not raise new arguments that could have (or should have) been made in the context of the original motion.  See Helfrich v. Lehigh Valley Hosp., No. 03-5793, 2005 WL 1715689 at *3 (E.D. Pa. July 21, 2005) (citing Balogun v. Alden Park Mgmt. Corp., No. 98-0612, 1998 WL 692956 at *1 (E.D. Pa. Oct. 1, 1998)).

## II. Discussion

Because there has been no intervening change in the law and no new evidence has been presented, Plaintiff's motion must rely on the third basis for reconsideration – correction of a clear error of law. It appears Plaintiff's argument is that application of the clear and convincing standard requires reconsideration of the court's decision. I disagree. As I explained in the summary judgment opinion, whether applying the preponderance or the clear and convincing standard, genuine issues of material fact barred judgment on the insurance fraud counterclaim. Plaintiffs challenge this finding because they claim "critical elements [of the fraud counterclaim] were lacking – knowing falsehood, justifiable reliance, and resulting harm." Doc. 85 at 16.

As explained in denying summary judgment, it is unclear whether Plaintiffs' statements were intentional falsehoods, mistakes or miscommunications. Such factual determinations will be left for the jury when they consider the statements in context and make credibility determinations regarding Plaintiffs' understanding. Plaintiffs also argue that Allstate has failed to establish the materiality of the alleged misrepresentations. As explained in the original memorandum, materiality "is satisfied if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding." Doc. 82 at 7 (citing Parasco v. Pac. Indem. Co., 920 F. Supp. 647, 654 (E.D. Pa. 1996)). Allstate's representative testified that it was the collective facts that led to the conclusion that the claims were suspicious. See Doc. 72-7 at 7-8. Under the circumstances, it will be for the jury to make a materiality determination.

Finally, with respect to resultant harm, Plaintiffs argue that there is no causal link between the alleged misrepresentations and the investigatory efforts Allstate undertook, or that it is speculative to determine that the investigatory efforts were as a result of the alleged misrepresentations. Allstate clearly undertook an extensive investigation, including hiring an outside investigator, obtaining examinations under oath, tax records and cellphone records, and conducting the deposition of a neighbor. The jury can judge the credibility of Allstate's proffered reasons for undertaking the investigation. Again, Plaintiffs argue that Allstate investigated the claims because they suspected Plaintiffs were responsible for the theft/fire and that Allstate's subsequent concession that the Dislas were not responsible for the theft and fire undermines the fraud claim. However, if Plaintiffs knowingly made material misrepresentations that led Allstate to conduct the investigation, the statute provides for resultant damages. There is no requirement that the defendant in an insurance fraud claim cause the underlying loss for the insurance company to recover. The statute merely requires that the defendant "knowingly and with the intent to defraud . . . present . . . to any insurer . . . any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim." 18 Pa. C.S.A. § 4117(a)(2). If this is proven, the insurer is entitled to recover compensatory damages. Id. §4117(g).

An appropriate Order follows.[2]

---

[2] In their motion for reconsideration, Plaintiffs undertook a review of each of the alleged misrepresentations. Having already discussed them at length in the original memorandum, I decline to do so again.