IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS HENRIQUEZ-DISLA and MAGALAY PACHECO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | : | NO. 13-284 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                                       March 30, 2015

Plaintiffs have filed an omibus motion in limine in this breach of insurance contract case in which Defendant, Allstate, has filed a counterclaim for insurance fraud. In this memorandum, I will address each portion of Plaintiffs' motion.

**I.      Areas of Agreement**

Plaintiffs' motion in limine and the response thereto reveal certain areas of agreement. Plaintiffs seek to preclude testimony from Laurel Mason, James Brady, the Philadelphia Police Department Forensic Science Division, Thomas Cipriano, and Philadelphia Emergency Fire Boardup, and also seek preclusion of their bank statements. In response, Allstate has stated that it does not intend to call any of these witnesses and will not present Plaintiffs' bank statements. The parties have stipulated to the authenticity of the photographs taken by Mr. Cripriano and Philadelphia Emergency Fire Boardup. Therefore, Plaintiffs' motion in these respects will be dismissed as moot.

## II. Preliminary Instruction regarding Responsibility for Fire and Exaggeration of Claims

Plaintiffs seek a preliminary instruction that they were not responsible for the theft or fire and that they did not exaggerate any losses.  In preparation for the trial, Allstate agreed that it does not allege that Plaintiffs set the fire and will not rely on suspicion of arson to deny the claim.  However, Allstate did not agree that Plaintiffs were not responsible for the theft, and certainly did not agree that Plaintiffs did not exaggerate their losses.  In responding to the Requests for Admissions, Allstate stated that it "lack[ed] knowledge or information to admit or deny" certain requests, including the identity of the thief, the identity of the arsonist, and information concerning the items allegedly stolen or damaged.  Doc. 72-6.  Such a response does not bar Allstate from presenting evidence to the jury concerning alleged misrepresentations that Plaintiffs made regarding this information and certainly does not warrant a jury instruction that Plaintiffs were not responsible for the theft or exaggerating their losses.

Plaintiffs also seek preclusion of cause and origin evidence, arguing that such evidence is irrelevant in light of Allstate's admission that it is not relying on arson in denying the fire claim.  Doc. 94 at 9.  Defendant has agreed that it will not elicit any testimony implicating Plaintiffs in the arson and will not make any such argument.  Doc. 105 at 5.  However, I will not bar the testimony of the fire marshal regarding the incendiary nature of the fire and the suspicion of arson because the circumstances of the fire are relevant to the actions that Allstate took in investigating the claims, and because it provides perspective on the overall chain of events.

In an effort to eliminate any prejudice to Plaintiffs, I expect counsel to work together to draft an instruction to be presented to the jury at the appropriate time before or during the presentation of evidence explaining that Allstate does not allege that Plaintiffs set the fire or rely on suspicion that the Dislas set the fire to deny the claim.  Similarly, I expect counsel to redact the reports contained in their exhibit binder which implicate the Dislas in any way.  See, e.g., Exh. D4 at 0003 (referring to Mr. Henriquez as "[o]ne suspect in custody").

### III.   Evidence of Misrepresentations not included in the Denial Letter

Plaintiffs next seek preclusion of evidence regarding any alleged misrepresentation that was not included in Allstate's denial letter.  Doc. 94 at 8-9.  Defendant responds that Pennsylvania caselaw does not support such a limitation, and that its position on the claims and in the litigation has been open-ended to include any material misrepresentation.  Doc. 105 at 5-7.

First, I note that the language of the denial letter is very broad.

> The investigation conducted by Allstate has determined that *among other things*, you made misrepresentations of material facts material to the claim including *but not limited to*, facts relative to the Property, you and your wife's locations and activities at or around the time of the fire, damage to the Property, stolen items, residence at the time of the fire, the whereabouts of certain individuals at the time of the fire *and other inconsistent details*.

Doc. 72-5 (Denial Letter) (emphasis added).  At three points in this excerpt, Allstate included expansive language to cover other misrepresentations of fact.  Additionally, Pennsylvania caselaw does not limit an insurer to the defenses listed in a denial letter.

3

> [I]t is permissible to raise a defense in a pleading even though it was not stated in the rejection letter. Although it is better practice for an insurance company to state all its reasons for rejection in its rejection letter, failure to do so does not bar the insurance company from raising the defense in its pleadings.

Manheim v. State Farm Auto. Ins. Co., 518 A.2d 861, 863 (Pa. Super. 1986). Here Plaintiffs do not seek to bar mention of a separate defense, but merely to bar other alleged misrepresentations. Considering the comprehensive language of the letter and Pennsylvania caselaw allowing the addition of completely different defenses, I decline to preclude evidence of misrepresentations not specifically included in the denial letter.

## IV.  Admissibility of Police Reports

Plaintiffs next seek to exclude police reports and other reports (presumably the fire marshal's report). Provided the proper foundation is established, Federal Rule of Evidence 803(8) creates a hearsay exception in civil cases for reports of public offices setting forth "factual findings from a legally authorized investigation." F.R.E. 803(8)(A)(iii). The conclusions, observations, and opinions contained in such reports may be admissible under Rule 803(8); however, "any contents of the report that record the statements or observations of someone other than the [public] officer are double hearsay and inadmissible." Walker v. Spiller, Civ. No. 97-6720, 1998 WL 306540, at *5 n.6 (E.D. Pa. June 9, 1998) (Brody, J.). Thus, if a report contains a statement by a non-witness, that portion will not be admitted. Statements made by Plaintiffs that are contained in such reports are admissible under Federal Rule of Evidence 801(d)(2).

Plaintiffs also seek to exclude statements made by police to Allstate investigator Ted Bugda. Doc. 94 at 10. Allstate argues that Mr. Bugda's report is admissible under

4

Federal Rule of Evidence 803(6), covering records of a regularly conducted activity. As a general matter, the report is lengthy and records Mr. Budgda's communications with many different individuals. I will address admissibility of the portions of the report based on the particular individual who provided information to Mr. Bugda. To the extent Mr. Bugda's report contains his own observations, he is listed as a witness at trial and can be questioned about his own observations. Similarly, to the extent his report contains a narrative of an interview he had with Lieutenant Fire Marshal Malcolm Clay, also identified as a witness, Defendant may ask questions of Mr. Clay directly regarding his observations of the fire scene and his discussions with Mr. Henriquez.

The conversations memorialized in the report with a police detective, however, are hearsay. In AAMCO Transmissions, Inc. v. Baker, the Honorable Timothy Rice reviewed Rule 803(6) in determining the admissibility of an investigator's report in civil litigation.

> "The justification for the business records exception rests on the assumption that business records are reliable because they are created on a day-to-day basis and '[t]he very regularity and continuity of the records are calculated to train the recordkeeper in habits of precision.' " See Tenney v. City of Allentown, No. 03–3471, 2004 WL 2755538, at *1 (E.D.Pa. Nov. 30, 2004) (Sanchez, J.) (quoting McCormick on Evidence § 286 5th ed.). "This assumption of reliability, accuracy and trustworthiness, however, collapses when 'any person in the process is not acting in the regular course of the business.' " Id. (quoting McCormick on Evidence § 290). Thus, each participant in the chain producing the record, from the initial observer-reporter to the final entrant, must be acting in the course of a regularly conducted business activity, see e.g., United States v. Vigneau, 187 F.3d 70, 75 (1st Cir.1999) (information in business records provided by someone other than person with duty to gather such

5

> information in ordinary course of business is inadmissible
> hearsay and must be redacted from business record prior to its
> admission); United States v. McIntyre, 997 F.2d 687, 698–99
> (10th Cir.1993) (motel registration cards should not have
> been admitted, as guests were not under business obligation
> to provide the information), or must meet another hearsay
> exception.

591 F. Supp. 2d 788, 794 (E.D. Pa. 2008).  Here, there is no indication of the source of the detective's statements – report, notes or recollection.  Thus, the chain of reliability breaks down at the statement's source.  Absent the detective's testimony, this section of Mr. Bugda's report is inadmissible.[1]

## V.     Tax Returns

Allstate has clarified that it will redact Plaintiffs' tax returns to include only name, address, and filing status.  See Doc. 105 at 7.  The tax return exhibit shows that Mr. Henriquez listed 2022 Stanwood Street as his residence, but his filing status is single.  Exh. D17.  Plaintiffs argue that the tax returns are irrelevant because the representations made on the tax returns were not made to Allstate.  See Doc. 94 at 10.  However, the evidence is relevant to Plaintiffs' marital status and for cross-examination.  When faced with contradictory statements -- single on the insurance application and married during the claims process -- Allstate undertook further investigation to determine Plaintiffs' marital status.  If Plaintiffs argue that a language barrier caused the misrepresentation that

---

[1] Allstate also argues that evidence from the police reports and statements may be offered, not for the truth of the matter asserted, but rather as evidence of the misrepresentations made by Plaintiffs.  See Doc. 105 at 6.  I will hear objections on this basis as the testimony develops.

Mr. Henriquez was single -- basically arguing that a mistake occurred -- Allstate can use the tax returns to show that Mr. Henriquez made the same mistake when filing his taxes.

## VI. Admissions

Finally, Plaintiffs argue that Allstate must be bound by its admissions made in discovery and should not be permitted to present its affirmative defense that it denied the claims based on material misrepresentations.  See Doc. 94 at 11.  In the requests for admissions regarding information underlying the alleged misrepresentations -- e.g., the condition of the allegedly damaged refrigerator, the alleged theft of house keys and smoke detectors, etc. -- Allstate repeatedly responded that "Allstate lacks knowledge or information to admit or deny this Request for Admission."  See Doc. 72-5.  Based on these responses, Plaintiffs seek to bar any evidence regarding the alleged misrepresentations upon which Allstate based its coverage decision, arguing that Allstate cannot meet its burden of proof with respect to these issues if it could not admit or deny the underlying fact.  I will deny this request.  It will be for the jury to determine, based on the evidence, what was actually stolen or damaged and if the Plaintiffs misrepresented their losses.

Plaintiffs also seek the preclusion of other alleged misstatements, e.g., Plaintiffs' marital status and Ms. Pacheco's whereabouts, arguing that Allstate has failed to establish their materiality.  As explained in the summary judgment decision, "[i]n the context of an insurer's post-loss investigation, 'the materiality requirement is satisfied if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding."  Doc. 82 at 7 (quoting Parasco v. Pac. Indem. Co., 920 F.Supp. 647,

654 (E.D. Pa. 1996); Fine v. Bellefonte Underwriters Ins. Co., 725 F.2d 179, 183 (2d Cir. 1984)). The fact that a coverage decision may not have hinged on any one specific statement does not render the statements immaterial. Ms. Kelly, Allstate's representative, explained during her deposition that the many material misrepresentations led to the denial of the claim. Kelly Dep. at 55-55. When asked about one fact specifically, Ms. Kelly explained, "[i]t's collective facts." Id. at 57-58. Thus, although Allstate has not specifically attached coverage significance to each alleged misrepresentation individually, I will not bar its ability to rely on the alleged misrepresentations in making out its affirmative defense and counterclaim.

      An appropriate Order follows.